**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)**

| | | |
|---|---|---|
| **In re: JIHOON PARK,** | * | |
| **Debtor.** | * | Case No. 25-10081-BFK |
| | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **MML INVESTORS SERVICES, LLC** | * | |
| **1295 State St.** | | |
| **Springfield, MA 01111-0001,** | * | |
| **Plaintiff,** | * | |
| v. | | Adv. Proc. No. _____ |
| | * | |
| **JIHOON PARK** | | |
| **4619 Granite Rock Ct.** | * | |
| **Chantilly, VA 20151** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff MML Investors Services, LLC ("MMLIS"), by its undersigned counsel, pursuant to 11 U.S.C. § 523(a)(2)(A), (4) & (6) and Fed. R. Bankr. P. 4007(a) & 7001(f), hereby files this Complaint to Determine Dischargeability of Debt against the debtor and defendant, Jihoon Park (the "Debtor") and, in support thereof, states:

**PARTIES, JURISDICTION, AND VENUE**

1. MMLIS is a Limited Liability Company organized in Massachusetts and has a principal place of business at 1295 State Street, Springfield, Massachusetts 0111-001.

---

Bradley J. Swallow (VSB No.32170)
Funk & Bolton, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
(410) 659-8320
Attorneys for Plaintiff MML Investors Services, LLC

2. The Debtor is a natural person who is domiciled in Virginia and resides at 4619 Granite Rock Court, Chantilly, Virginia, 20151.

3. This Court has subject matter jurisdiction over the matters stated in the Complaint pursuant to 28 U.S.C. §§ 1334(a) & (b) and 157(b)(2). The Complaint is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I) & (O).

4. MMLIS consents to the entry of final Orders by the United States Bankruptcy Court in this adversary proceeding.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL HISTORY

6. On or about October 24, 2024, Young Hee Kim, f/k/a Young Hee Choi ("Kim"), a natural person residing in Virginia, filed a complaint (the "Fraud Action Complaint") in the Circuit Court for Fairfax County, Virginia (the "Circuit Court"), captioned, *Young Hee Kim, f/k/a Young Hee Choi v. MML Investors Services, LLC et al*, Circuit Court for Fairfax County, Case No. CL-2024-0015101 (the "Fraud Action") against MMLIS and the Debtor.

7. The Fraud Action Complaint contained alleged claims for Conversion (Count I); Common Law Fraud (Count II); Constructive Fraud (Count III); Breach of Fiduciary Duty (Count IV); Violations of the Virginia Securities Act (Count V); Negligence (Count VI); and Breach of Contract (Count VII). As more fully set forth herein, Kim alleges that the Debtor, allegedly acting as an agent of MMLIS, engaged in various misrepresentations and omissions in investing Kim's assets from a divorce into cryptocurrency before taking the funds without permission.

8. MMLIS filed a timely Answer to Complaint With Affirmative Defenses and Cross-Claims (the "MMLIS Answer") in the Fraud Action. In the MMLIS Answer, MMLIS

2

denied liability and raised cross-claims against the Debtor for Common Law Contribution (Count I), Common Law Indemnification (Count II), and Contractual Indemnification (Count III).

9. On or about January 14, 2025, the Debtor filed a voluntary petition for individuals under chapter 7 of the United States Bankruptcy Code with this Court, commencing the case styled *In re Park*, Case No. 25-10081-BFK (the "Bankruptcy Case").

10. On February 13, 2025, MMLIS filed the Notice of Removal. Pursuant to the Notice of Removal, MMLIS removed the Fraud Action to this Court pursuant to 28 U.S.C. §§ 1334 and 1452, and Fed. R. Bankr. P. 9027 and commenced the adversary proceeding styled *Young Hee Kim, f/k/a Young Hee Choi v. Jihoon Park, et al.*, Adv. Proc. No. 25-01010.

11. As of the date of this Complaint, the Fraud Action remains pending before this Court. On February 26, 2025, Kim filed a motion to remand the Fraud Action to the Circuit Court. On March 25, 2025, MMLIS filed an objection to the motion to remand. On April 1, 2025, Kim filed a reply. A hearing on the motion to remand presently is scheduled for May 20, 2025.

12. On April 14, 2025, Kim filed in this Court her Plaintiff's Complaint to Determine Dischargeability of Debt and Object to Dischargeability of Debt Due to Securities Fraud, Fraud, Larceny, and Fraudulent Breach of Fiduciary Duty [11 USC § 523], in which she seeks a judgment against the Debtor for damages and requests that this Court determine that such debt is nondischargeable for fraud based on the conduct alleged in the Fraud Action.

13. By this complaint, MMLIS's contingent claims against the Debtor arising as a result of the Fraud Action should be declared and adjudged nondischargeable for the reasons set forth herein.

## FRAUD ACTION CLAIMS

14.     Kim alleges in the Fraud Action Complaint that in August 2021, on the advice of a friend, Kim met with the Debtor "to discuss [Kim's] finances, divorce proceedings, retirement, and investments." Fraud Action Complaint, ¶ 10. Specifically, Kim alleges that she told the Debtor during that meeting that she anticipated receiving a divorce settlement of approximately $1,500,000.00 and that she wished to invest those funds. *Id.*

15.     According to Kim, the Debtor held himself out as an agent or employee of "Mass Mutual" and assured her that he was a successful investment advisor. *Id.*, ¶ 11. Kim alleges in the Fraud Action Complaint that, after gaining her trust, the Debtor persuaded Kim to invest her funds in cryptocurrency. *Id.*, ¶¶ 15-18. The Fraud Action Complaint alleges that, in total, Kim entrusted the Debtor with $1,658,000.00 of her funds based on the Debtor's representations that he would invest those funds on her behalf. *Id.*, ¶ 24.

16.     Kim alleges in the Fraud Action Complaint that the Debtor made false representations and actively concealed from Kim information concerning the level of risk and lack of suitability of the cryptocurrency investments the Debtor recommended to Kim. *Id.*, ¶ 21. In fact, Kim states that the Debtor took active measures to deceive Kim by controlling her access to information about the performance of her investments by, among other things, directing during her meetings that Kim download apps on her phone to view her alleged investment balances but insisting that she delete the same apps before concluding their meetings. *Id.*, ¶ 19.

17.     Kim further alleges in the Fraud Action Complaint that she discovered in or about May 2023 that all of her crypto investments had been transferred from her accounts and that, on information and belief, the Debtor had "stolen and converted" Kim's funds in the approximate amount of $1,658,000.00. *Id.*, ¶ 24.

18. Kim alleges in the Fraud Action Complaint that the Debtor was a "financial advisor with [MMLIS]" and an "authorized agent and representative of [MMLIS]" during the entirety of the Debtor's "fraud scheme" involving Kim. *Id*., ¶ 26. Accordingly, Kim alleges that MMLIS "is legally responsible for all of the wrongful acts" of the Debtor as a principal or under the doctrine of *respondeat superior*. *Id*., ¶¶ 29-34.

19. MMLIS denies the Debtor was ever its employee. Further, MMLIS denies that Debtor was acting as an actual or apparent agent of MMLIS in connection with any of the claims in the Fraud Action Complaint. And, MMLIS further denies that it has any legal or other responsibility for the alleged conduct of the Debtor as it pertains to Kim because, among other things, (a) Kim was never a customer of MMLIS, (b) Kim did not invest any money through MMLIS (including the cryptocurrency she complains about in the Fraud Action Complaint), (c) Debtor did not have a Series 63 license and was not authorized to sell securities on behalf of MMLIS in Virginia, and (d) Debtor lacked any actual or apparent authority to act on behalf of MMLIS in connection with the alleged conduct relating to Kim, including as it relates to cryptocurrency investments.

20. As stated above, MMLIS has alleged in its cross-claims against the Debtor that, based on common law contribution or common law or contractual indemnification, the Debtor is liable to MMLIS for any liability MMLIS may have to Kim based on the facts alleged in the Fraud Action Complaint.

## COUNT I
### (Determination of Dischargeability of Debt – 11 U.S.C. § 532(a)(2)(A))

21. MMLIS hereby incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

22. Section 523(a)(2)(A) of the Bankruptcy Code excludes from discharge any debt owed by the Debtor "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

23. Kim's claims against the Debtor are for money or property.

24. If the facts set forth in the Fraud Action Complaint are taken as true, the Debtor induced Kim to entrust the Debtor with Kim's funds by engaging in false pretenses, making false representations, and committing actual fraud by intentionally misrepresenting to Kim (a) his experience as a financial advisor; (b) his intentions with respect to the investment of Kim's funds; (c) the level of risk of the investments the Debtor represented he intended to make on Kim's behalf; and (d) his alleged relationship to and authority or agency to act on behalf of MMLIS.

25. Further, as alleged in the Fraud Action Complaint, the Debtor actively deceived Kim as to the nature, performance and disposition of the investments the Debtor purported to make on Kim's behalf. By doing so, the Debtor is alleged to have engaged in false pretenses, made false representations, and committed actual fraud in order to induce Kim not only to allow the Debtor to continue to manage the investment of Kim's funds, but also to induce Kim to continue entrusting the Debtor with her funds.

26. Kim alleges in the Fraud Action Complaint that the Debtor removed the approximate sum of $1,658,000.00 from Kim's crypto accounts, which were under the Debtor's control at a time when the Debtor actively deceived and misled Kim into believing that the Debtor was investing those funds solely for Kim's benefit.

6

27.　　Accordingly, to the extent Kim establishes claims against the Debtor, the Debtor's debts to Kim constitute debts obtained by false pretenses, a false representation or actual fraud with the meaning of 11 U.S.C. § 523(a)(2)(A).

28.　　Based on the allegations in the Fraud Action Complaint, any liability MMLIS could have to Kim would be derived and result from the Debtor's false pretenses, false representations, or actual fraud.  If MMLIS were found to have any liability to Kim, the Debtor's resulting indebtedness to MMLIS based on MMLIS's contribution and indemnity claims would be obtained by of the Debtor's false pretenses, false representations, and actual fraud.

WHEREFORE, plaintiff MML Investors Services, LLC requests that this Court declare nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) any debt owed by the Debtor to MML Investors Services, LLC arising out of or resulting from the Fraud Action, and grant MML Investors Services, LLC such other and further relief as the Court may deem just and appropriate.

## COUNT II
### (Determination of Dischargeability of Debt 11 U.S.C. § 523(a)(4))

29.　　MMLIS hereby incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

30.　　Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt owed by the Debtor "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

31.　　Kim alleges in the Fraud Action Complaint that the Debtor held himself out as Kim's fiduciary and acted in a fiduciary capacity with respect to Kim throughout the course of his purported service as Kim's financial advisor.

7

32. Kim further alleges in the Fraud Action Complaint that, while acting in a fiduciary capacity, the Debtor stole approximately $1,658,000.00 of Kim's funds after Kim entrusted the Debtor with such funds to invest on her behalf.

33. As alleged in Count I, above, the Debtor is alleged to have obtained and deprived Kim of her funds as a result of his fraudulent scheme.

34. Alternatively, the Debtor's conduct as alleged in the Fraud Action Complaint constitutes a "defalcation," in that the Debtor arguably acquired Kim's funds through legal means, in the process incurring financial duties to Kim, and then misused and misappropriated such funds for his own benefit.

35. Kim further alleges in the Fraud Action Complaint that the Debtor converted Kim's funds by wrongfully exercising assumption of authority over such funds, thereby depriving Kim of her possession of them, in denial of and inconsistent with Kim's rights. In essence, Kim alleges in the Fraud Action Complaint that the Debtor committed larceny with respect to Kim's funds.

36. Based on the allegations in the Fraud Action Complaint, any liability MMLIS could have to Kim would be derived and result from the Debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. If MMLIS were found to have any liability to Kim, the Debtor's resulting indebtedness to MMLIS based on MMLIS's contribution and indemnity claims would be obtained by means of the Debtor's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

WHEREFORE, plaintiff MML Investors Services, LLC requests that this Court declare nondischargeable pursuant to 11 U.S.C. § 523(a)(4) any debt owed by the Debtor to MML Investors Services, LLC arising out of or resulting from the Fraud Action, and grant MML

8

Investors Services, LLC such other and further relief as the Court may deem just and appropriate.

## COUNT III
### (Determination of Dischargeability of Debt 11 U.S.C. § 523(a)(6))

37.  MMLIS hereby incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38.  Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt of the Debtor "for willful and malicious injury by the debtor to another entity or to the property of another entity."

39.  Kim alleges in the Fraud Action Complaint that the Debtor converted Kim's funds by wrongfully exercising assumption of authority over such funds, thereby depriving Kim of her possession of them, in denial of and inconsistent with Kim's rights. In essence, Kim alleges in the Fraud Action Complaint that the Debtor willfully stole her funds after Kim entrusted them to the Debtor to invest on her behalf. As alleged in the Fraud Action Complaint, the Debtor induced Kim to entrust her funds to the Debtor before the Debtor absconded with such funds.

40.  If the allegations in the Fraud Action Complaint are proven, the Debtor would have willfully and maliciously acted permanently to deprive Kim of her property, in the process injuring Kim and her property.

41.  Based on the allegations in the Fraud Action Complaint, any liability MMLIS could have to Kim would be derived and result from the Debtor's willful and malicious injury to Kim or to Kim's property. If MMLIS were found to have any liability to Kim, the Debtor's resulting indebtedness to MMLIS based on MMLIS's contribution and indemnity claims would be obtained by of the Debtor's willful and malicious injury to Kim or to Kim's property.

WHEREFORE, plaintiff MML Investors Services, LLC requests that this Court declare nondischargeable pursuant to 11 U.S.C. § 523(a)(6) any debt owed by the Debtor to MML Investors Services, LLC arising out of or resulting from the Fraud Action, and grant MML Investors Services, LLC such other and further relief as the Court may deem just and appropriate.

By:

Dated:  April 21, 2025

  /s/ Bradley J. Swallow
Bradley J. Swallow, VSB No. 32170
Funk & Bolton, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)
bswallow@fblaw.com

Attorneys for MML Investors Services, LLC